T.C. Summary Opinion 2012-50

UNITED STATES TAX COURT

THOMAS G. NOLDER, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27414-10S.                    Filed May 29, 2012.

Thomas G. Nolder, pro se.

<u>Richard J. Hassebrock</u>, <u>Nancy P. Klingshirn</u>, and <u>Emma Woodward</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable

by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $1,138 and $1,600 in petitioner's 2007 and 2008 Federal income tax, respectively. Respondent also determined accuracy-related penalties of $227.60 and $320 for 2007 and 2008, respectively. The issues for decision are (1) whether petitioner is entitled to deductions for certain unreimbursed employee expenses related to his work as an over-the-road truck driver and (2) whether petitioner is liable for the section 6662(a) accuracy-related penalties.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Ohio at the time the petition was filed. For convenience we combine some of our findings with our analysis.

During the years in issue petitioner was an over-the-road truck driver. As such, petitioner lived in the cab of his truck while away from home. Petitioner used

the services of a tax preparer, John Devine, to prepare his returns for the years in issue as well as for prior years.

Mr. Devine provided petitioner with preprinted worksheets entitled "Trucker's Deductible Business Expenses" which listed various items and also included blank lines for him to complete. Mr. Devine instructed petitioner that he did not need to retain receipts for any items under $75. The worksheets also include the statement "Over 30 Years experience in Trucker Taxation." Respondent examined petitioner's tax returns for 2007 and 2008 and for each year disallowed a portion of the claimed employee business expense deduction.

On September 10, 2010, respondent issued a notice of deficiency disallowing unreimbursed employee expense deductions of $6,939 for 2007 and $9,544 for 2008. At trial petitioner provided detailed testimony and schedules relating to the claimed employee expense deductions.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A

taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. at 115; Wilson v. Commissioner, T.C. Memo. 2001-139. A taxpayer is required to maintain records sufficient to substantiate deductions claimed on his or her income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. The fact that a taxpayer claims a deduction on the taxpayer's income tax return is not sufficient to substantiate it. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974). Rather, an income tax return is merely a statement of the taxpayer's claim; it is not presumed to be correct. Wilkinson v. Commissioner, 71 T.C. at 639; Roberts v. Commissioner, 62 T.C. at 837.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the substantiation and recordkeeping requirements. See sec. 7491(a)(2)(A) and (B). Petitioner therefore bears the burden of proof. See Rule 142(a).

I.      Unreimbursed Employee Expenses

An individual performing services as an employee may deduct expenses incurred in the performance of services as an employee only as miscellaneous

itemized deductions on Schedule A, Itemized Deductions, and then only to the extent such expenses exceed 2% of the individual's adjusted gross income. Secs. 62(a)(2), 63(a), (d), 67(a) and (b), 162(a). In order to qualify for the deduction under section 162(a), "an item must be (1) 'paid or incurred during the taxable year,' (2) for 'carrying on any trade or business,' (3) an 'expense,' (4) a 'necessary' expense, and (5) an 'ordinary' expense." Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971); Deputy v. du Pont, 308 U.S. at 495 (to qualify as "ordinary", the expense must relate to a transaction "of common or frequent occurrence in the type of business involved"). Whether an expense is ordinary is determined by the time, place, and circumstance. Welch v. Helvering, 290 U.S. at 113-114. Section 262(a) disallows deductions for personal, living, or family expenses. In instances where both section 162(a) and section 262(a) may be applicable, section 262 takes precedence. Heineman v. Commissioner, 82 T.C. 538, 542 (1984).

If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the expense, we may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, for the Cohan rule to apply, there must be

sufficient evidence in the record to provide a basis for the estimate. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985) . Certain expenses may not be estimated because of the strict substantiation requirements of section 274(d). See sec. 280F(d)(4)(A); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969).

The expenses to which the strict substantiation requirements of section 274(d) apply include, among other things, expenses for listed property (e.g., automobile expenses, cellular telephones, computer equipment, or any property of a type generally used for purposes of entertainment, recreation, or amusement) and travel expenses (including meals and lodging while away from home). Secs. 274(d)(1)-(4), 280F(d)(4)(A). To substantiate a deduction attributable to listed property, a taxpayer must maintain adequate records or present evidence corroborating his own statement to show the following: (1) the amount of the expense; (2) the time and place of use of the listed property; and (3) the business purpose of the use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

There are some discrepancies among the amounts petitioner reported on various forms and schedules and his Federal income tax returns for 2007 and 2008. Petitioner reported $14,472 for meals and entertainment and $6,939 for "other than

meals and entertainment" on his 2007 Form 2106, Employee Business Expenses. After appropriate reductions for meals and entertainment, the total employee business expenses reported on the Form 2106 is $17,793. On his 2007 Schedule A petitioner claimed the $17,793 deduction from the Form 2106, as well as $288 for uniforms and $237 for tax preparation fees, for a total of $18,417.[1] In the notice of deficiency, respondent determined that petitioner is entitled to $11,478 rather than the $18,417 claimed on the return for taxable year 2007. Thus, for 2007 it appears respondent disallowed only the $6,939 of "other than meals and entertainment" expenses and allowed all of the remaining claimed expense deduction.

Petitioner reported $13,740 for meals and entertainment and $9,544 for "other than meals and entertainment" on his 2008 Form 2106. After reductions, the total of employee business expenses reported on the Form 2106 is $19,534. On his 2008 Schedule A petitioner claimed the $19,534 deduction from the Form 2106, as well as $240 for uniforms and $246 for tax preparation fees, for a total of

---

[1] These amounts total $18,318. The $99 difference appears to be a typographical or mathematical error.

$20,072.[2]  In the notice of deficiency respondent determined that petitioner is

entitled to $10,528 rather than the $20,072 he claimed.  Thus, for 2008 it appears

respondent disallowed only the $9,544 of  "other than meals and entertainment"

expenses and allowed all of the remaining claimed expense deductions.  With the

above principles in mind, we address each of the claimed expenses.

    A.    Cellular Telephone

    Petitioner claimed a deduction for unreimbursed employee expenses for

cellular telephone service of $864 for 2007 and $600 for 2008.  Petitioner's

employer had a reimbursement policy which would reimburse $45 per month for

cellular telephone expenses.  This policy was in place during the years in issue, but

petitioner did not seek this reimbursement because he was not aware of the policy.

In order to deduct unreimbursed employee expenses, a taxpayer must not have

received reimbursement and must not have had the right to obtain reimbursement

from his employer.  Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986),

aff'g T.C. Memo. 1984-533; Leamy v. Commissioner, 85 T.C. 798, 810 (1985).

Petitioner is not entitled to an expense deduction for each of the years in issue for

---

[2]These amounts total $20,020.  The $52 difference appears to be a
typographical or mathematical error.

the $540 ($45 x 12 months) that was reimbursable by his employer.  See Orvis v. Commissioner, 788 F.2d at 1408.

With respect to the amounts in excess of $540, petitioner must meet the strict substantiation requirements of section 274(d).  Petitioner did not provide bills, receipts, or bank records reflecting the amounts of the expenditures.  Petitioner also did not present evidence as to the amount of business versus personal use.  See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., supra.  We therefore disallow the entire claimed expense deduction for cellular telephone service for each year.

B.    Clothing

Petitioner claimed expense deductions of $288 and $240 for uniforms for 2007 and 2008, respectively.  As outlined above, it appears these amounts were previously allowed, and we therefore make no additional findings as to these claimed expense deductions.  Petitioner also purchased some specialized clothing and safety equipment for his job as an over-the-road truck driver.  The cost of clothing and maintaining this clothing may be deductible as an ordinary and necessary business expense if a taxpayer establishes that the clothing is (1) required or essential in the taxpayer's employment, (2) not suitable for general or personal wear, and (3) not so worn.  Yeomans v. Commissioner, 30 T.C. 757, 767 (1958).

Some of petitioner's specialized clothing and safety equipment satisfy these criteria. Petitioner has substantiated allowable employee expenses of $840 for 2007 and $705 for 2008 for specialized clothing and safety equipment.[3]

Petitioner purchased additional clothing and related items which were suitable for general or personal wear or otherwise not required for his employment. These items are therefore personal expenses under section 262(a), and petitioner is not entitled to the claimed deductions for them.[4]

---

[3]For 2007 petitioner claimed a deduction for the following clothing expenses: insulated coveralls ($75), hard hat liner ($16), rain gear ($150), safety glasses ($6 each for a total of $24), steel-toed boots ($75 each for a total of $150), winter work boots ($75), and work gloves ($7 each for a total of $350), totaling $840.

For 2008 petitioner claimed a deduction for the following clothing expenses: coveralls ($75), lightweight coveralls ($24), hard hat liner ($17), rain gear ($75), safety glasses ($14), steel toed boots ($75), winter work boots ($75), and work gloves ($7 each for a total of $350), totaling $705.

[4]For 2007 petitioner claimed a deduction for the following as clothing expenses: sunglasses ($40 each for a total of $160), thermal underwear ($20 each for a total of $80), tennis shoes ($45 each for a total of $180), and sweatshirts ($10 each for a total of $80), totaling $500.

For 2008 petitioner claimed a deduction for the following as clothing expenses: sunglasses ($40 each for a total of $160), thermal underwear ($80), and tennis shoes ($200), totaling $440.

C.      Professional Supplies

Petitioner claimed an employee business expense deduction for professional supplies. Many of the items in this category appear to be ordinary and necessary for petitioner's employment. We are satisfied that petitioner has substantiated allowable employee expenses for professional supplies of $95 for 2007 and $209 for 2008.[5] Petitioner also claimed $15 for ATM fees in 2007 under this category. We disallow the claimed employee expense deduction for ATM fees as a nondeductible personal expense. Sec. 262(a).

D.      Truck Supplies/Parking

Petitioner purchased various items for his truck during the years in issue. Many of the items are equipment and supplies which are ordinary and necessary for the safe operation of his truck and timely deliveries. Petitioner has substantiated

---

[5]For 2007 petitioner claimed a deduction for the following professional supplies expenses: briefcase ($24), calculator ($9 each for a total of $18), camera ($6 each for a total of $12), faxes to his employer ($20), film developing ($6), dry erase markers ($12), and pens/pencils ($3), totaling $95.

For 2008 petitioner claimed a deduction for the following professional supplies expenses: briefcase ($22), calculator ($10), camera ($75), commercial driver's license ($40), faxes to his employer ($48), logbook ($4), paper/notebooks ($4), and pens/pencils ($6), totaling $209.

allowable employee expenses of $1,645 for 2007 and $2,196 for 2008 for such items.[6]

Petitioner claimed a $25 monthly expense deduction for parking his trailer. Petitioner's home driveway would not accommodate the trailer, so he made arrangements to park it at a location near his home which provided some security. This expense is ordinary and necessary and we thus allow him to deduct the $300 yearly expense for both 2007 and 2008.

Petitioner also claimed a $300 expense deduction for putting gravel in his driveway in 2008 to accommodate the cab of his truck. The cost of repairs "which

---

[6]For 2007 petitioner claimed a deduction for the following truck supplies expenses:  antenna ($75 each for a total of $150), CB radio ($75), XM Radio ($156), atlas/maps ($40), scanner ($75), crowbar ($19), tool set ($39), lock ($12), two inch strap/rachet combo ($240), four inch strap/rachet combo ($300), tarps ($150), flashlight ($7), batteries ($25), first aid kit ($24), Armorall ($8), paper towels ($50), towels ($50), truck wash ($60), floor mats ($30), seatbelt covers ($28), power cord ($24), power booster ($75), and duct tape ($8), totaling $1,645.

For 2008 petitioner claimed a deduction for the following truck supplies expenses:  antenna ($75 each for a total of $150), CB radio repair ($60), XM Radio ($156), atlas/maps ($49), long handle crowbar ($24), tool set ($48), jumper cables ($42), tire changing tools ($60), fifth wheel lock ($19), keys ($6), spotlight ($34), two inch strap/rachet combo ($180), four inch strap/rachet combo ($420), tarps ($150), coax cables ($40), flashlight ($9), batteries ($25), first aid kit and supplies ($75), Armorall ($8), WD 40 ($12), paper towels ($24), towels ($40), truck washes ($75), floor mats ($24), seat cover ($32), window screen set ($40), circuit tester ($40), power booster ($299), shovel and broom ($33), electrical tape ($10), and duct tape ($12), totaling $2,196.

neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as an expense". Sec. 1.162-4, Income Tax Regs. Petitioner used his driveway for parking both his personal vehicle and the cab of his truck. Because he parked his cab in the driveway, the driveway deteriorated and became muddy. The gravel slowed the rate of deterioration and also allowed petitioner to continue to use the driveway to park his cab. The gravel appears to have been in the nature of a repair, and its cost is thus deductible as a business expense. See id.

E. Miscellaneous

1. Meals and Entertainment

Respondent allowed claimed meals and entertainment expense deductions of $14,472 for 2007 and $13,740 for 2008. Petitioner included items on his worksheet which appear to fall under that category, such as gratuities, "TV/VCR", "TV & DVD", "Books", "Books/Novels", "DVD movies", "DVD disks", "DVD player", "Books/Magazines", and "VCR tapes rented". The gratuities are part of meal expenses, and the remaining items were for entertainment. Petitioner did not assert that these items were not included in the previously allowed amounts. Even assuming that they were not previously allowed by respondent, petitioner has failed to satisfy the heightened substantiation requirements of 274(d). Sec. 274(d)(2).

Petitioner did not provide receipts for these items, and his testimony indicates that the expense items were for his personal entertainment and relaxation.[7] Respondent's determination is sustained with respect to these items. See sec. 274(d).

     2.     Personal Items

The worksheet provided by the preparer and completed by petitioner included some pretyped items which are clearly personal as well as some items marked as personal that petitioner included on blank lines. As indicated, personal, living, or family expenses are not deductible under section 262(a). We therefore disallow deductions for these items as personal expenses.[8] Petitioner also claimed a $75

---

[7] For 2007 petitioner claimed a deduction for the following: gratuities ($1,052), TV/VCR ($75), Books/Novels ($60), DVD movies ($12 each for a total of $600), DVD player ($75), Books/Magazines ($48), and VCR tapes rented ($100), totaling $2,010. For 2008 petitioner claimed the following: gratuities ($940), TV & DVD ($400), Books ($80), and DVD disks ($10 each for a total of $500), totaling $1,920.

[8] For 2007 petitioner claimed a deduction for the following expenses as employee expenses: laundry bag ($24), 2 containers of laundry detergent ($16), Visine eye wash ($10), air fresheners, 50 at $2 ($100), bunk heater ($60), 2 down pillows ($80), 4 sets of sheets ($48), sleeping bag ($75), storage container ($7), coffee pot ($24), cooler motor ($20), personal hygiene items ($200), travel bag ($45), refrigerator ($75), 200 sauce pan/tin foil pans ($150), showers ($75), thermos bottle ($20), 2 lunchbox ovens ($48), toiletries ($60), cleaning supplies ($40), disinfectant ($40), hand cleaner ($12), and 12 bags of epsom salt ($36), for a total of $1,265.

(continued...)

expense in 2007 for "cab interior detailed".  Petitioner paid someone to clean the interior of his cab, including the space where he lived and slept while working.  This is a personal expense and is also not deductible under section 262(a).

Petitioner claimed a deduction for identity theft insurance of $72 for each year.  Petitioner was concerned about identity theft because he had to show many forms of identification to pick up a load in Texas in a town near Mexico.  Petitioner did not assert that his employer required identity theft insurance.  We conclude that this does not constitute an ordinary or necessary employee business expense.  The expense is a nondeductible personal expense.  See sec. 262(a).

---

[8](...continued)
For 2008 petitioner claimed a deduction for the following expenses as employee expenses: laundry bag ($24), 2 containers of laundry detergent ($17), Visine eye wash ($15), air fresheners ($50), alarm clock ($19), bunk heater ($65), heated mattress pad ($56), 2 pillows ($75), 4 sets of sheets ($60), sleeper fan ($19), sleeping bag ($75), 4 storage containers ($20), trash bags ($50), vacuum cleaner ($19), coffee pot ($29), cooler ($49), cooler motor ($19), personal hygiene items ($200), travel bag ($24), refrigerator ($129), sauce pan/tin foil pans ($75), showers ($75), thermos bottle ($24), toaster oven ($49), toiletries ($75), cleaning supplies ($50), disinfectant ($20), and hand cleaner ($12), for a total of $1,394.

II.     Accuracy-Related Penalties

Taxpayers may be liable for a 20% penalty on the portion of an underpayment of tax attributable to negligence.  Sec. 6662(a) and (b)(1).  The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances.  See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985).  Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.

A taxpayer may avoid the application of an accuracy-related penalty by proving he acted with reasonable cause and in good faith.  See sec. 6664(c)(1); see also Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001); sec. 1.6664-4(a), Income Tax Regs.  We analyze whether a taxpayer acted with reasonable cause and in good faith by examining the relevant facts and circumstances and, most importantly, the extent to which the taxpayer attempted to assess his proper tax liability.  See Neely v. Commissioner, 85 T.C. at 947; Stubblefield v.

Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.  In order for the reasonable cause exception to apply, the taxpayer must prove that he exercised ordinary business care and prudence as to the disputed items. Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 98 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

The tax preparer supplied petitioner with worksheets to complete and include his expenses.  The pretyped worksheet includes items which are presumptively personal and nondeductible under section 262(a).  Despite the inclusion of personal items on the worksheet and the inaccurate advice of the preparer advising him that he need not retain any receipts for items under $75, petitioner reasonably relied upon his preparer.  The Court finds that petitioner was credible and detailed in his testimony and had reasonable cause to claim many of the items.  We therefore conclude that petitioner is not liable for the accuracy-related penalties.

Conclusion

In addition to the amounts respondent allowed in the notice of deficiency, petitioner has substantiated allowable unreimbursed employee expenses of $2,880 for 2007 and $3,710 for 2008.[9]  For the reasons discussed, petitioner is not liable for the accuracy-related penalties.  We leave it to the parties to calculate the allowable employee expense deductions, given the amounts respondent previously allowed and the 2% floor imposed by section 67.

To reflect the foregoing,

Decision will be entered under

Rule 155.

---

[9]The amount for 2007 includes:  specialized clothing ($840), professional supplies ($95), truck supplies ($1,645), and parking ($300), for a total of $2,880. The amount for 2008 includes:  specialized clothing ($705), professional supplies ($209), truck supplies ($2,196), gravel ($300), and parking ($300), for a total of $3,710.